**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - -X
In re:

A.D. MAC CONSULTING CORP.

     Debtor                               Chapter 7
                                          Case No. 05-50136
- - - - - - - - - - - - - - - - - - - - - - - - - - -X

**OPINION**
**OBJECTIONS TO NOTICE OF PRIVATE SALE**
Document Number 17

**APPEARANCES:**

Barry W. Frost, Esquire
TEICH GROH
691 State Highway 33
Trenton, New Jersey 08619-4492
**Attorney for Trustee**

Timothy P. Neumann, Esquire
BROEGE, NEUMANN, FISCHER& SHAVER, LLC
25 Abe Voorhees Drive
Manasquan, New Jersey 08736
**Attorney for Debtor**

Edward J. Diamond, Esquire
CARLUCCIO, LEONE, DIMON, DOYLE & SACKS, LLC
9 Robbins Street
Toms River, New Jersey 08753
**Attorney for Arthur Macrae, Jr., Arthur D. Macrae, Sr., and**
**A.D. Mac Consulting Corp., Inc.**

Joan R. Sheak, Esquire
Robert M. Conway, Esquire
DUANE MORRIS
968 Postal Road - Suite 110
PO Box 90400
Allentown, Pennsylvania 18109-0400
**Attorneys for Tekmark Global Solutions, LLC**

The Chapter 7 Trustee, Barry Frost, filed a Notice of Private Sale in the matter of A.D. Mac Consulting Corp. ("A.D. Mac" or the "Debtor")  The notice proposed to sell all of A.D. Mac's title and interest in all claims and causes of action set forth in an action in the Superior Court Law Division, Ocean County bearing Docket No. L‐3822‐06 and United States District Court, District of New Jersey bearing Civil Action No. 07‐CV‐00398 and all claims whether known or unknown which have been asserted in the above actions and all claims belonging to A.D. Mac to Tekmark Global Solutions, LLC ("Tekmark") for the sum of $10,000.  A.D. Mac filed an objection to the notice of private sale.  Their basis for objecting was that there was a "higher and better offer" made by Arthur D. Macrae, Sr., for $10,500 plus 10% of the proceeds realized from the $15 million cause of action brought by the Debtor against Tekmark.  On January 28, 2008, there was a hearing on this matter.

At the hearing, the parties, Tekmark and Mr. Macrae, bid for the cause of action. The last bid from Tekmark was $50,500 while the last bid from Mr. Macrae was for $50,000 and 20% of the proceeds realized from the cause of action.  The Trustee advanced the Tekmark all cash bid as the highest and best.  At that point, Mr. Macrae, Sr. requested that the Court make a determination as to which bid was a "higher and better offer."  This Court then asked the parties to submit briefs on their positions before ruling on the issue.

**Background**

Arthur Macrae, Jr. was a shareholder and the CEO of the Debtor, A.D. Mac.  The Debtor was a telecommunications installation company.  When Mr. Macrae, Jr. started the company, A.D. Mac, along with a partner, Tekmark, offered a $2 million line of credit with $500,000 for start-up costs. In June 2003, A.D. Mac's assets were sold to Tekmark pursuant to an Asset Purchase Agreement

(the "Agreement").  Mr. Macrae, Jr. claims that he was forced and fraudulently induced to sign the Agreement.  After the execution of the Agreement, Power OpTech, a subsidiary of Tekmark, obtained contracts in New York City under the Debtor's name.  In the state court action, A.D. Mac, Mr. Macrae, Sr. and Mr. Macrae, Jr. are looking for:

1. recission or reformation due to legal or equitable fraud, unconscionability and/or duress;
2. breach of contract;
3. breach of fiduciary duty; and
4. trade name/service mark infringement.

The Plaintiffs are requesting $15 million in damages.  The defendants, Tekmark and Optech, have not yet been required to file answers.

**Analysis**

"A Chapter 7 trustee is charged with the duty to 'collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest...As an officer of the Court and as a representative of the Debtor's creditors, the Trustee has a duty to realize the maximum return for the estate for further distribution to the Debtor's creditors.' " In re Balco Equities Ltd., Inc., 323 B.R. 85, 98 (Bankr. S.D.N.Y. 2005)(*citing* In re Mondie Forge, Inc., 148 B.R. 499, 502 (Bankr.N.D.Ohio 1992)). "Although a Chapter 7 trustee is a fiduciary obligated to treat all parties fairly, his primary duty is to the estate's unsecured creditors." In re Poage, 92 B.R. 659, 662 (Bankr.N.D.Texas 1988); *See* 11 U.S.C. § 704(1).

The Bankruptcy court in Northern District of Alabama has stated, "...the Court reminds the parties, that the Trustee, not the Court, is selling this property. As stated in 11 U.S.C. § 704, one of the duties of the trustee is to 'collect and reduce to money the property of the estate....' In enacting the Bankruptcy Code, Congress expressed its specific intent that judges of the United States

Bankruptcy Court should not participate in the administration of bankruptcy estates. As stated above, the Trustee has "great judicial deference" in deciding which bid to accept as the best and highest bid. Even though the discretion is not without limit, a Court should not step in and assume a role and responsibility properly placed in the hands of the trustee." In re Gulf States Steel, Inc. of Alabama, 285 B.R. 497, 516 (Bankr. N.D.Ala. 2002).

Part of the problem in this case is that it is difficult to assess the value of the cause of action because the defendant, Tekmark, has not been required to file an answer yet in the state court. However, this much is known: that state court Judge Wolfson dismissed all of Mr. Macrae, Sr.'s claims and all but two of Mr. Macrae, Jr.'s claims. Mr. Macrae, Jr.'s remaining claims, parking tickets and personal tax liabilities, are derivative. In deciding which offer is the higher and better offer, in addition to the potential for recovery, the Trustee must also take into consideration the time line for recovery and how much longer the Chapter 7 case would have to remain open.

The Trustee clarified at the hearing that he was uncomfortable for the bidding to include a percentage of the proceeds from future litigation. The Court has to accept that the Trustee has exercised his business judgement in determining that it is not in the best interest of the estate to accept an offer based on potential recovery from future state court litigation. "In a thoughtful and persuasive opinion, the Landscape Properties court recognized that an objection to sale 'based simply on the fact that there is a higher offer is a valid objection....' But it rejected the objector's request that the court choose between the two competing bids. '[T]o do so would be to undertake a congressionally prohibited administrative function. Such an action is beyond the jurisdictional mandate of Congress to bankruptcy courts and judges and may be subject to reversal on appellate review.' " In re Psychrometric Systems, Inc., 367 B.R. 670, 676 (Bankr. D.Colo. 2007)(*citing* In

re Landscape Properties, Inc., 100 B.R. 445 (Bankr.E.D.Ark.1988).

Therefore, the Court will accept the Trustee's recommendation on which offer is in the best interest of the estate and thereby the highest and best offer, and will confirm the Tekmark bid. Counsel for the Trustee shall submit a form of order consistent with this opinion.

                                       */s/ Kathryn C. Ferguson*
                                       KATHRYN C. FERGUSON
                                       US Bankruptcy Judge

Dated: March 4, 2008